1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| WILLIAM H. BRANDSTATT,<br><br>Plaintiff,<br><br>v.<br><br>CLARK, *et al.*,<br><br>Defendants. | Case No.  1:21-cv-01600-KES-BAM<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 33)<br><br>**THIRTY (30) DAY DEADLINE** |

17    Plaintiff William H. Brandstatt ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

18  *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

19    Currently before the Court is Plaintiff's motion for the appointment of counsel, filed on

20  September 30, 2025.  (ECF No. 33.)  Plaintiff asserts that the screening order issued by the

21  previously assigned magistrate judge found Plaintiff's complaint full of error, forgetting the

22  liberal interpretation of a pro se complaint.  Plaintiff indicates that the Court cited the hours it

23  took to read the complaint.  Plaintiff admits that he has no legal training nor does he understand

24  the law.  (*Id.*)

25    Plaintiff is informed that he does not have a constitutional right to appointed counsel in

26  this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

27  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

28  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*

1

1    *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

2    request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand,* 113 F.3d at

3    1525.

4         Without a reasonable method of securing and compensating counsel, the Court will seek

5    volunteer counsel only in the most serious and exceptional cases.  In determining whether

6    "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

7    the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

8    complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

9         The Court has considered Plaintiff's motion, but does not find the required exceptional

10   circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

11   would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed

12   almost daily by prisoners with limited legal training or understanding of the law.

13        Furthermore, at this stage in the proceedings, the Court cannot make a determination that

14   Plaintiff is likely to succeed on the merits.  The Court screened Plaintiff's first amended

15   complaint on August 27, 2025, and found that he failed to state a cognizable claim.  (ECF No.

16   30.)  Plaintiff has been granted leave to file a second amended complaint, which was due on

17   October 2, 2025, but he has not yet done so.  (*See* ECF No. 32.)  The Court therefore cannot

18   conclude that Plaintiff's claims are likely to succeed on the merits.  Further, based on a review of

19   the record in this case, the Court does not find that Plaintiff cannot adequately articulate his

20   claims.

21        As a final matter, given that the instant motion was pending prior to the expiration of

22   Plaintiff's deadline to file a second amended complaint, the Court will grant Plaintiff a brief

23   extension of time to file an amended complaint or a notice of voluntary dismissal.

24        Accordingly, IT IS HEREBY ORDERED that:

25   1.  Plaintiff's motion for appointment of counsel, (ECF No. 33), is HEREBY DENIED,

26        without prejudice.

27   2.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

28        second amended complaint curing the deficiencies identified by the Court in its

                                        2

August 27, 2025 screening order (or file a notice of voluntary dismissal).

3.  **Plaintiff is warned that his failure to timely comply with this order may result in a recommendation for dismissal of this action.**

IT IS SO ORDERED.

Dated:   **October 10, 2025**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE