1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11 | WILLIAM H. BRANDSTATT,

12 |         Plaintiff,

13 |     v.

14 | CLARK, *et al.*,

15 |         Defendants.

16

Case No.  1:21-cv-01600-KES-BAM (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE

(ECF Nos. 30, 32, 35)

**FOURTEEN (14) DAY DEADLINE**

I.    **Background**

Plaintiff William H. Brandstatt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On August 27, 2025, the Court screened the first amended complaint and found that it failed to state any claim upon which relief may be granted.  (ECF No. 30.)  The Court granted Plaintiff leave to either file a second amended complaint, notify the Court that he wishes to stand on the first amended complaint, or voluntarily dismiss this case, within twenty-one (21) days.  (*Id.*)  Plaintiff was granted an extension of time to respond to the Court's screening order on September 11, 2025.  (ECF No. 32.)  Following resolution of Plaintiff's pending motion to appoint counsel, Plaintiff was granted a further extension of time to respond to the Court's screening order on October 10, 2025.  (ECF No. 35.)  The Court expressly warned Plaintiff that

the failure to comply with the Court's order would result in a recommendation for dismissal of this action.  (*Id.*)  Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

**II.    Failure to State a Claim**

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.    Plaintiff's Allegations**

Plaintiff is an inmate who is currently incarcerated at California State Prison – Corcoran ("CSP-Corcoran").  He names six individuals as Defendants in this matter, all of whom were employed at CSP-Corcoran at the time of incidents in question: Warden K. Clark; Dr. A. Mehta (primary care provider); Appeals Coordinator M. Gamboa; Head Librarian Lirones; Chief

2

1  Medical Officer Celia Bell, and Associate Warden T. Campbell.  (ECF No. 16 at 1–4.)  He sues

2  Defendants Clark, Mehta, Bell, and Gamboa in their personal capacities.  (*Id.* at 12, 14.)

3                 1.    <u>Claim One</u>:

4  Plaintiff raises **five** subclaims under Claim One.

5                 a.    *Failure to Protect from COVID-19 Outbreak*

6  The first subclaim is that Defendant Clark violated his right to safety when in May 2020,

7  during a ten-hour bus ride, he was forcibly placed in close proximity to other inmates who may

8  have been infected with COVID-19, <u>and</u> when in October 2021, the prison had another outbreak

9  of the virus, at least one guard (unidentified) had not been vaccinated, thereby deliberately

10  endangering the health and possibly the life of inmates at CSP-Corcoran.  (ECF No. 16 at 5.)

11  Plaintiff also claims that the medical staff refused to provide a consistent supply of medication, as

12  well as making arbitrary treatment decisions without consulting the patient, or obtaining consent.

13  *Id.*  Plaintiff claims that Defendant Clark is "responsible for the conduct of every staff member [at

14  CSP-Corcoran]," and that Defendant Bell is to be held responsible for medical staffs conduct.

15  (*See id.* (brackets added).)

16                 b.    *Deliberate Indifference to Medical Need: Prescription Change*

17  In the next subclaim, Plaintiff alleges that Defendant Mehta was deliberately indifferent to

18  his serious medical need when, upon Plaintiff's arrival at CSP-Corcoran, Defendant Mehta

19  arbitrarily changed two of Plaintiff's medications without consulting him and without his consent.

20  (ECF No. 16 at 6.)  He asserts that the medications Defendant Mehta cancelled was his 400 mg

21  ibuprofen prescription and his 80 mg Simethicone prescription.  (*Id.* at 6–7.)

22  Ultimately, Plaintiff states that at or around July 5, 2020, his full 80-mg Simethicone

23  prescription was re-prescribed for him.  (*Id.*)  On that day, however, Plaintiff

24  asserts that he "made it very clear" to Defendant Mehta that he "wanted [his] rights," as they were

25  stated in the Patient's Bill of Rights.  (ECF No. 16 at 7–8 (brackets added).)

26  Plaintiff states that he has no way of identifying individual medical staff at CSP-Corcoran

27  because they go out of their way not to be identified.  (*See* ECF No. 16 at 8.)  He further argues

28  that this makes Defendant Bell responsible, and that Defendant Clark must take responsibility as

1    well.  (*Id.*)

2                c.    *Malpractice Due to Prescription of Incorrect Test Preparation*

3          In this claim, Plaintiff alleges that he was the victim of malpractice when, on November

4    12, 2020, after having undergone several days of preparation for what he had been told would be

5    a colonoscopy, upon his arrival at the hospital he learned that he had been scheduled for an upper

6    gastrointestinal procedure instead.  (ECF No. 16 at 9.)

7          Plaintiff states that the preparation for what he believed would be a colonoscopy led him

8    to foul his clothes and bedding the morning of November 12, 2020.  (ECF No. 16 at 8.)  He

9    believes that this was retaliatory because of his instance on the Patient's Bill of Rights.  (*Id.*)

10                d.    *Deliberate Indifference to Medical Need: Dental Floss*

11          Next, Plaintiff claims that he was not been provided with enough dental floss, which he

12    says is critical to his dental health as he only has 9 teeth, and he already has heavy bone loss in

13    the lower jaw.  (ECF No. 16 at 9.)  He states that the dental floss picks that he had were taken

14    from his property at Chino.  (*Id.*)  He further states that he requested dental floss and/or picks

15    because they are standard inmate supplies, but he has been told that "they don't do that [at CSP-

16    Corcoran]."  (ECF No. 16 at 9–10 (brackets added).)  He states that he specifically requested

17    dental floss on 6/3/2020 and it took staff nearly a year to finally start providing it.  (*Id.* at 10.)

18                e.    *Deliberate Indifference to Medical Need: Denial of a Pillow*

19          In Claim One, Plaintiff also contends that he has been dealing with a degenerative disc

20    issue since 2012.  (ECF No. 16 at 10–11.)  Because of it, he needs a pillow to support his neck

21    and head when he sleeps.  (*See id.* at 11.)  Plaintiff further states that it took almost a year of

22    trying to resolve the problem himself when he "discovered the American Disabilities Act" and

23    "finally got a pillow."  (*Id.*)  However, he states that during that period his condition was badly

24    aggravated resulting in dramatically increased pain.  (*Id.*)  He contends that he has "spikes" in

25    pain for several seconds, one to three times a day.  (*Id.*)

26          Plaintiff states that a neurosurgeon agreed to do related surgery for the problem but the

27    medical committee at CSP-Corcoran denied it.  (ECF No. 16 at 11.)  He asserts that he has no

28    access to who is on the medical committee.  (*Id.*)

4

1          2.    <u>Claim Two</u>

2          a.    *Deprivation of Right to Redress Grievances by Defendant Gamboa*

3    In Claim Two, Plaintiff contends that he was deprived of his right under the First

4    Amendment "to redress government" since, as of March of 2020, "they" have not provided

5    appropriate inmate grievance/appeal forms for the "new" procedures, nor provided Title 15 for

6    guidelines.  (*See* ECF No. 16 at 13.)  As a result, Plaintiff claims they do not have a legal

7    grievance/appeal procedure at the prison.  Plaintiff claims that this situation is the responsibility

8    of Defendant Gamboa.  (*Id.*)  Defendant Gamboa, Plaintiff asserts, is personally liable because he

9    "contin[ues] to promote an unlawful, unconstitutional, and abusive grievance / appeals system."

10   (*Id.* (brackets added).)

11         b.    *Supervisory Liability of Defendant Clark / No Grievance System*

12   Plaintiff further claims that as the Warden of CSP-Corcoran, Defendant Clark, is

13   "responsible for the conduct of every staff person working in [CSP-Corcoran]."  (ECF No. 16 at

14   14.)  Thus, Warden Clark is also responsible for the prisons failure to have an adequate

15   grievance/appeal system. (*Id.*)

16         3.    <u>Claim Three</u>

17         a.    *Denial of Access to Courts*

18   In Claim Three, Plaintiff claims that his right to access to the courts was violated when

19   Defendant Lirones, the head librarian at CSP-Corcoran's prison library, prevented him from

20   making legal copies and told him to give his documents to the librarian so that they could be

21   processed without his supervision.  (*See* ECF No. 16 at 15.)  Plaintiff further contends that after

22   he filed a grievance about the decision on April 16, 2021, he was completely denied the right to

23   copy documents until the second week of September.  (*Id.*)  He asserts that it was only after

24   custody staff forced the library staff to let him copy his documents that he was able to do so.  (*Id.*)

25         b.    *Denial of Access to Legal Mail by Mailroom Staff*

26   Plaintiff states that two of his mailings sent to the Court were held by mailroom staff, one

27   for twelve days, the other for thirty days.  Then these mailing were sent back to him "return to

28   sender, undeliverable as addressed," which he claims were properly addressed to the court.  (ECF

No. 16 at 15–16.)  He further claims that on an unidentified date, a letter he sent to the Office of Policy Standardization was intercepted, opened illegally and sent to Defendant Campbell, the Associate Warden of CSP-Corcoran.  (*Id.* at 16, 17–18.)  Thereafter, Plaintiff claims that Defendant Campbell attempted to give him misinformation.  (ECF No. 16 at 16.)  Plaintiff states he wrote a letter to Defendant Clark to make him aware of the situation, but to Plaintiff's knowledge he did not respond appropriately.  (*Id.*)

**C.    Discussion**

Plaintiff's first amended complaint fails to state any claim upon which relief may be granted.

1.    Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57.

Plaintiff's FAC clearly violates Federal Rules of Civil Procedure 8(a)(2) and (d)(1).  The FAC consists of twenty pages of often meandering and unfocused statements coupled with unnecessary surplusage.  In short, the FAC consists neither of "short and plain" statements of Plaintiff's claims, nor are the allegations in it "simple, concise and direct" as Rule 8 requires. Plaintiff should be aware that repeated failures to provide short and plain statements of claims in a complaint warrant the dismissal of a complaint for failure to state a claim.  *See Knapp v. Hogan*, 738 F.3d 1106, 1108–09 (9th Cir. 2013).

2.    Supervisor Liability

Plaintiff's claims against a Defendant, based solely on the mere assertion that he/she holds a position of responsibility in the prison and is therefore responsible for the conduct every staff

1    person working in the prison or under their control, is insufficient in itself to state a claim.

2            Liability may not be imposed on supervisory personnel for the actions or omissions of

3    their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons*

4    *v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588

5    F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

6            Supervisors may be held liable only if they "participated in or directed the violations, or

7    knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045

8    (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v.*

9    *Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  "The requisite causal connection may be established

10   when an official sets in motion a 'series of acts by others which the actor knows or reasonably

11   should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at

12   570.  Supervisory liability may also exist without any personal participation if the official

13   implemented "a policy so deficient that the policy itself is a repudiation of the constitutional

14   rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942

15   F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other

16   grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).  When a defendant holds a supervisory

17   position, the causal link between such defendant and the claimed constitutional violation must be

18   specifically alleged.  *See Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*,

19   589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement

20   of supervisory personnel in civil rights violations are not sufficient.  *See Ivey v. Board of Regents*,

21   673 F.2d 266, 268 (9th Cir. 1982).

22                    3.    Federal Rules of Civil Procedure 18 and 20

23           Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed.

24   R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*,

25   507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so

26   long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and

27   occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2);

28   *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement

refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's FAC attempts to join unrelated claims in violation of Rules 20 and 18.  For example, Claim 1 contains subclaims that do not appear related to one another (Covid outbreak/prescription change/incorrect test preparation/denial of dental floss/denial of a pillow), nor to be related to Claims 2 and 3.  Nor does Claim 2 (grievance procedure) seem related to Claim 3 (interference with mail).

Federal law is clear. Defendants may be joined in one action only when the right to relief against then arises out of the same transaction or occurrence.  *See* Fed. R. Civ. P. 20(a)(2)(A).  In addition, common questions of law or fact must be present.  *See Coughlin*, 130 F.3d at 1351.  In sum, these claims do not appear to be related.

### III.    Failure to Prosecute and Failure to Obey a Court Order

####     A.    Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

1  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

2  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

3  **B.    Discussion**

4       Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with

5  the Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

6  case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

7       The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

8  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

9  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

10  dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

11  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

12  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

13  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products

14  Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

15       Finally, the Court's warning to a party that failure to obey the court's order will result in

16  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

17  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 10, 2025 order

18  expressly warned Plaintiff that his failure to timely comply with the Court's order would result in

19  a recommendation of dismissal of this action.  (ECF No. 35.)  Thus, Plaintiff had adequate

20  warning that dismissal could result from his noncompliance.

21       Additionally, at this stage in the proceedings there is little available to the Court that

22  would constitute a satisfactory lesser sanction while protecting the Court from further

23  unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in

24  this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

25  or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

26  **IV.    <u>Conclusion and Recommendation</u>**

27       Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY

28  RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim, for

failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**November 20, 2025**__          ___/s/ *Barbara A. McAuliffe*___
                                             UNITED STATES MAGISTRATE JUDGE